**Xiang Zhu WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE & Attorney General Alberto R. Gonzales,\* Respondents.**

No. 03–4298.

United States Court of Appeals, Second Circuit.

May 23, 2005.

Yee Ling Poon, Law Offices of Yee Ling Poon (Robert Duk–Hwan Kim, on the brief) New York, NY, for Petitioner.

Jenny L. Smith, Assistant United States Attorney, for Alice H. Martin, United States Attorney for the Northern District of Alabama, Birmingham, AL, for Respondent.

Present: WINTER, KATZMANN, Circuit Judges, and MURTHA, District Judge.\*\*

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Xiang Zhu Wang, a native and citizen of the People's Republic of China, petitions for review of a January 23, 2003 order of the Board of Immigration Appeals ("BIA"), affirming the decision of an Immigration Judge ("IJ") denying her

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

\*\* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

application for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history of the case.

We defer to the factual findings of the BIA and IJ if they are supported by "substantial evidence." *See Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004). Pursuant to this standard, we may reverse "only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). *See also Zhang*, 386 F.3d at 73 n. 7 (factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary"). Thus, the scope of our review is "exceedingly narrow" and we are particularly deferential to an IJ's determination as to a petitioner's credibility. *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam).

The government concedes that the BIA's brief decision in this case contains a number of factual errors; for example, the BIA decision incorrectly identifies several allegations actually raised in Wang's first application for asylum as being raised in her second application. While these errors are troubling, the BIA's ultimate decision is supported by substantial evidence. The BIA affirmed on the grounds that "the record supports the Immigration Judge's adverse credibility finding," and we find that a reasonable fact-finder would not be compelled to conclude to the contrary. *See, e.g., Gao v. Attorney General*, 400 F.3d 963 (2d Cir.2005). As the IJ noted, Wang (1) previously submitted a false asylum application, prepared and signed by another person, for the purposes of obtaining employment authorization, (2) presented inconsistent testimony as to the gender of her first child, (3) failed to submit authenticated documentation, which is of particular concern, given the State Department profile suggesting that similar documents are subject to "widespread fraud and fabrication," and (4) failed to provide a copy of her sterilization receipt, despite Wang's testimony that she had placed the receipt in a safe deposit box and that "she always kept it with [her]." Because a reasonable adjudicator would not be compelled to conclude otherwise, and because substantial evidence supports the IJ's determination, we uphold the denial of Wang's application.

We have considered all of the petitioner's other claims and find them to be without merit. Accordingly, the judgment of the BIA is hereby **AFFIRMED** and Wang's petition for review is hereby **DENIED**.