**Zu Bin LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 03–40563–AG NAC.**

United States Court of Appeals, Second Circuit.

Dec. 9, 2005.

H. Raymond Fasano, New York, New York, for Petitioner.

Paul J. McNulty, United States Attorney for the Eastern District of Virginia; Larry Lee Gregg, Steven E. Gordon, Assistant United States Attorneys, Alexandria Virginia, for Respondent.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

PRESENT: JACOBS, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Zu Bin Li, through counsel, petitions for review of the BIA order affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture, with the exception of the IJ's alternate finding. We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir. 2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ's credibility determination was substantially supported by the record as a whole. The IJ's credibility determination was based on specific examples in the record of Li's inconsistent testimony and evidence regarding whether he was married. The IJ pointed to the unlikelihood of Li's late marriage registration, given his belief in complying with the law. The IJ also observed that Li and his wife had separate household registers, that Li's former government-employer, knowing that he was no longer an employee, maintained him as a resident of the Work unit for ten more years, and that Li's wife's register stated that she had moved to the marital address in 1992, long *after* the alleged marriage in 1985, and *after* the forced sterilization was supposed to have occurred in 1990. Clearly, the issue of whether Li was actually married, goes "to the heart" of Li's claim that he had a wife who had been forcibly sterilized. *Ramsameachire*, 357 F.3d at 182.

Substantial evidence therefore supported the IJ's conclusion that Li therefore failed to meet his burden of proof to establish by credible testimony or other evidence that he was persecuted in China, or had a well-founded fear or faced a likelihood of persecution or torture if returned to China.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).