**Chan Jin WANG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

**No. 03–40310.**

United States Court of Appeals, Second Circuit.

Dec. 30, 2005.

Yee Ling Poon, New York, NY, for Petitioner.

Nicholas Vassallo, United States Attorney's Office, District of Wyoming, Cheyenne, WY, for Respondent.

Present: Joseph M. McLAUGHLIN, Rosemary S. POOLER, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said Board of Immigration Appeals be and it hereby is **AFFIRMED.**

Petitioner Chan Jin Wang ("Wang") appeals from a July 8, 2003, decision of the Board of Immigration Appeals ("BIA") affirming an August 16, 2002, decision of an Immigration Judge ("IJ") denying Wang's application for asylum and withholding of removal and denying Wang's Convention Against Torture ("CAT") claim. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

■ Wang contends that the IJ's adverse-credibility determination was erroneous. We review the agency's factual findings, including adverse-credibility determinations for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam). Applying this standard, we conclude that the IJ's decision was supported by substantial evidence. In disputing this, Wang points to alleged issues with her airport interview. Even assuming, *arguendo*, the existence of such issues, the IJ's adverse-credibility finding, which points to many inconsistencies in Wang's testimony, remains supported by substantial evidence.

Wang also contends that the IJ erred in rejecting her CAT claim. We do not agree. We have held that the IJ must provide specific and cogent reasons supporting her findings. *Cao He Lin v. DOJ*, 428 F.3d 391, 400 (2d Cir.2005). Although failure to provide such reasons may constitute error, we have held that minor errors do not necessarily require remand. *Id.* at 401. This is especially true when there is no realistic possibility that absent the er-

rors, the IJ or BIA would have reached a different conclusion. *Id.*

■ It is clear that even absent any error, Wang's CAT claim would not prevail because she failed to adduce sufficient evidence demonstrating that it is more likely than not that she would be tortured if she returned to China. *Mu Xiang Lin v. DOJ*, 432 F.3d 156, 158–59 (2d Cir.2005). Wang submitted generalized evidence of torture, but she did not proffer sufficient evidence that she would personally suffer torture, thus we must reject her CAT claim. *See id.* at 159–61 (rejecting petitioner's CAT claim as lacking sufficient evidence of likelihood of torture to petitioner personally).

Wang cites to *Y–T–L*, 23 I. & N. Dec. 601, 2003 WL 21206539 (BIA May 22, 2003) for the proposition that once an individual is sterilized, torture is conclusively and irrefutably proven. However, this case was actually about whether the passage of time since a forced sterilization constituted a change in circumstances preventing asylum. *Id.* at 605–06. This case is thus inapposite to the instant case.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**