Jin Hui GAO, Petitioner,

v.

UNITED STATES ATTORNEY
GENERAL, Respondent.

No. 03–40577.

United States Court of Appeals,
Second Circuit.

Argued: Feb. 25, 2005.

Decided: March 9, 2005.

Gang Zhou, New York, N.Y. for Petitioner.

Judd C. Lawler, Assistant United States Attorney (Kathy S. Marks, Assistant United States Attorney, of counsel, David N. Kelley, United States Attorney, on the brief), Office of the United States Attorney for the Southern District of New York, New York, N.Y. for Respondent.

Before: LEVAL, CABRANES and KATZMANN, Circuit Judges.

PER CURIAM.

Jin Hui Gao, a native and citizen of the People's Republic of China, petitions this Court for review of an August 29, 2003, order of the Board of Immigration Appeals ("BIA") summarily affirming a January 16, 2002, oral decision of an immigration judge ("IJ") which denied Gao's application for asylum and withholding of removal.

At his hearing before the IJ, Gao testified that he had experienced persecution in China due to his failure to comply with China's coercive population control policy, that his wife had been forced to submit to an involuntary abortion, and that he feared that, if he returned to China, he would be subjected to further persecution.

The IJ denied Gao's application based on his finding that Gao was not credible. Specifically, the IJ found that Gao was "non-responsive or evasive at times," and that Gao "appeared to be an individual who tried to memorize a claim and was repeating it back, rather than testifying in a respons[iv]e or a spontaneous manner about experiences that actually occurred to him." In addition to these observations as to Gao's demeanor, the IJ found that critical aspects of Gao's testimony were implausible and that there were significant discrepancies among Gao's testimony at the hearing, his asylum application, and his "credible fear interview" before an asylum officer. The IJ therefore concluded that Gao's testimony could not be credited and,

because it was not supplemented by more extensive corroborating evidence, insufficient to support Gao's asylum application.

On appeal, Gao principally argues that the IJ improperly found aspects of Gao's story implausible and that the IJ overemphasized, and failed to take into account legitimate reasons for, discrepancies between Gao's testimony and his asylum application.

 Our review of the IJ's credibility finding is highly deferential. *See Zhang v. U.S. INS*, 386 F.3d 66, 73–74 (2d Cir.2004) (recognizing that "we afford 'particular deference' in applying the substantial evidence standard" to an IJ's credibility finding). The IJ's "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B). Under this highly deferential standard of review, we hold that the IJ's findings are supported by substantial evidence. In addition to numerous discrepancies as to dates and surrounding details, Gao's testimony at his asylum hearing differed substantially from his initial written asylum application and first asylum interview, in which Gao failed to mention, *inter alia*, that his wife was forced to undergo an abortion.[1] *Cf. Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003) (overturning an IJ's adverse credibility finding where finding was based primarily on non-' "substantial' " omissions from an alien's application). In addition, the IJ had a supportable basis for finding aspects of Gao's testimony inherently implausible and for concluding that these implausibilities further diminished Gao's credibility. Because a reasonable adjudicator would not be compelled to conclude otherwise, we uphold the IJ's denial of Gao's application as supported by substantial evidence and decline to overturn that determination on appeal.

## CONCLUSION

Accordingly, we deny the petition for review and affirm the denial of petitioner's application for asylum and withholding of removal.

---

1. Gao was represented by counsel at the time that he submitted his initial asylum application and was directly asked at his asylum interview why his wife was not made to have an abortion, to which Gao apparently gave a non-responsive answer.