Wei Jin LIU, Petitioner,

v.

UNITED STATES ATTORNEY GENERAL, Respondent,

No. 03–40810.

United States Court of Appeals, Second Circuit.

April 14, 2005.

Gang Zhou, New York, N.Y. (on submission), for Petitioner.

Perry F. Sekus, Assistant United States Attorney, for Thomas B. Heffelfinger, United States Attorney for the District of Minnesota, Minneapolis, MN (on submission), for Respondent.

Present: CALABRESI, CABRANES, Circuit Judges, and HALL,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be **DENIED**.

Petitioner Wei Jin Liu ("Liu"), a citizen of the People's Republic of China, petitions for review of an October 14, 2003 order of the Board of Immigration Appeals ("BIA"), affirming a January 29, 2002 decision of an Immigration Judge ("IJ") that: 1) denied Liu's application for political asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), as well as his request for relief under the U.N. Convention Against Torture ("CAT"), *adopted* Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16; and 2) ordered Liu's removal from the United States. We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented on appeal.

Liu argues that the denial of his asylum application was based upon the IJ's unfounded adverse credibility determinations. "We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. Immigration and Naturalization Service,* 232 F.3d 279, 287 (2d Cir.2000)); *see also Secaida–Rosales v. Immigration and Naturalization Service,* 331 F.3d 297, 305 (2d Cir.2003) (reviewing directly the ruling of the IJ where the BIA summarily affirmed that ruling and the IJ's decision was "sufficient to allow for review").

Here, the IJ's adverse credibility finding was based largely upon inconsistencies between statements made by Liu, upon his arrival in the United States, to an INS interviewer at Los Angeles Airport, and facts asserted by Liu in his asylum application and hearing. Mindful of the caution that we gave in *Ramsameachire* with regard to reliance on airport statements in making credibility determinations, *see Ramsameachire,* 357 F.3d at 179–81, we think that here the IJ's analysis of and reliance on those statements was supported by substantial evidence. The IJ explored at the hearing Liu's claim that he was unable in certain respects to understand the interpretation of the airport interview, and her findings rejecting that contention were well-reasoned and supported by the record. Additionally, the IJ had a supportable basis for finding that

---

* The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

the discrepancies between Liu's airport statements and his asylum application were material issues that "went to the heart of his asylum claim." *Id.* at 182; *cf. Gao v. United States Attorney General,* 400 F.3d 963, 964 (2d Cir.2005). Therefore, we think that the IJ's conclusion—that the inconsistencies rendered Liu's later version of events not credible—was supported by substantial evidence. *See Ramsameachire,* 357 F.3d at 182. Furthermore, we believe that this adverse credibility determination provided, in itself, substantial evidence to support the conclusion that Liu failed to carry his burden of proof on his asylum claim. *Cf. Zhang v. Immigration and Naturalization Service,* 386 F.3d 66, 79 (2d Cir.2004).

Finally, we note that the belated explanation that Liu gives, on appeal, for the discrepancies between his statements is itself inconsistent with the explanation for the discrepancies that Liu gave at the asylum hearing.

Because the denial of Liu's asylum claim is supported by substantial evidence, we also conclude that the denial of Liu's application for withholding of removal should be affirmed. *See Zhang,* 386 F.3d at 71 ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). Likewise, the IJ's CAT determination satisfied the substantial evidence standard. *See Wang v. Ashcroft,* 320 F.3d 130, 134, 144 (2d Cir.2003).

We have considered all of Liu's arguments and find them to be without merit. Accordingly, the petition for review is DENIED.