Antoneta TURKAJ, Petitioner,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICE By its District Director of the New York District & Alberto R. Gonzales,[1] Attorney General of the United States of America, Respondents.

No. 04–2768–AG NAC.

United States Court of Appeals, Second Circuit.

Dec. 2, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 287–88 (2d Cir.2000).

■ Where it is reasonable to expect corroborating evidence for certain alleged facts pertaining to the specifics of an applicant's claim, such evidence should be provided or an explanation should be given as to why such information was not presented. The absence of such corroboration can lead to a finding that the petitioner has not met her burden of proof. *Diallo,* 232 F.3d at 285. The IJ's determination that Turkaj should have submitted corroborating evidence, including letters from her father or proof that he is a member of the Democratic Party, was not an unreasonable conclusion. Turkaj's parents submitted an affidavit with regard to whom she was allowed to stay with in the United States. Turkaj testified that her father purposely sent her government issued documents, not personal statements, but she stated that she did not know why. It is reasonable to conclude from her testimony, that Turkaj's father was fully capable of sending her personal statements regarding his political activities in Albania. *See Secaida–Rosales,* 331 F.3d at 311.

■ The IJ is obligated to consider the country reports in light of any contrary or countervailing evidence with which it is presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence. *Tian–Yong Chen v. U.S. INS,* 359 F.3d 121, 130 (2d Cir.2004). Turkaj did not present any evidence in opposition to the country reports. In fact, Turkaj failed to submit any evidence in support of her claims for relief. The IJ's determination that her testimony alone was insufficient to counter the information in the country reports was supported by substantial evidence.

Paulette Detiberiis, New York, New York, for Petitioner.

Donald W. Washington, United States Attorney for the Western District of Louisiana, Karen J. King, Assistant United States Attorney, Lafayette, Louisiana, for Respondent.

Present: NEWMAN, RAGGI, and WESLEY, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA") it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Antoneta Turkaj petitions for review of the April 2004 decision of the Board of Immigration Appeals denying her applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts and procedural history of this case.

In her application, Turkaj stated that she fears that if she returns to Albania she will be killed, raped, or tortured by members of the Socialist Party or by their dangerous political supporters because of her father's political activities with the Albanian Democratic Party.

This Court reviews the IJ's and BIA's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386

Turkaj has not briefed the issue of CAT relief in her petition for review; therefore, Turkaj waived this issue on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).