**Yun Zhu LIU, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–3819–AG.

United States Court of Appeals, Second Circuit.

Dec. 7, 2005.

Gang Zhou, New York, New York, for Petitioner.

Gregory R. Miller, United States Attorney, E Bryan Wilson, Assistant United States Attorney for the Northern District of Florida, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. REENA RAGGI, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Yun Zhu Liu, a citizen and national of the People's Republic of China ("China"), petitions for review of the BIA's June 23, 2004 order affirming the decision of an immigration judge ("IJ") that denied Liu's claims for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). Liu alleges that she was persecuted in China for her practice of Falun Gong, and that she fears that if she is returned to China, she will be persecuted and tortured. The IJ found Liu did not demonstrate eligibility for the relief she sought. Liu did not challenge the denial of her withholding of removal and CAT claims before the BIA and, therefore, failed to satisfy, with respect to those claims, the statutory exhaustion requirement on which this Court's jurisdiction is predicated. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

The BIA found it implausible that, for more than a year after the government outlawed Falun Gong and took punitive measures against its practitioners, Liu would risk practicing it outdoors and with others, when she could practice alone and indoors and still derive the benefits of Falun Gong, as she often did in both China and the U.S.

The BIA's finding is supported by the record. Given that Liu was aware of the harsh crackdown on Falun Gong, including the arrest of practitioners, the BIA could reasonably discount her explanation for her continued outdoor practice of Falun Gong.

The BIA also found that Liu's credibility was undermined by her failure to provide corroborating evidence of her illnesses, which she claimed were the impetus to begin practicing Falun Gong, and the improvements Falun Gong brought to her health. Specifically, the BIA found that Liu should have provided corroboration in the form of an affidavit by her mother or evidence from a medical provider in the U.S.

The BIA's reasoning here is predicated on legal error and is thus not a proper ground for an adverse credibility finding. *See Secaida–Rosales*, 331 F.3d at 307 (holding that questions of law the application of law to fact are reviewed *de*

*novo* by this Court). While the agency can properly consider the presence or absence of corroborating evidence in determining credibility, *see Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000), the applicant must be given the opportunity to provide such evidence or to explain its absence, *see id.* at 289–90; *Cf. Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 151 (2d Cir.2003) (finding that "a legal standard that empowers an IJ or the BIA to rule against a petitioner who fails to anticipate the particular set of details that the fact-finder desires (but does not request, through questions directed to the applicant) is no standard at all"). In this case, Liu was not asked for evidence from either her mother or a U.S.-based medical provider concerning her illnesses, nor was she questioned why she did not provide such documentation; moreover she could not reasonably have been expected to have anticipated the need for such evidence.

In the present case, it is not clear that the BIA would have relied solely on the first basis in making its adverse credibility finding had it realized that the other reason was legally erroneous. Vacatur is appropriate here because the "erroneous aspects of the [BIA's] reasoning are not tangential to [its findings] . . . and the evidence supporting [those] findings is not so overwhelming as to make remand futile." *Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

Because of the above error in the BIA's decision, we grant the petition, vacate the BIA's decision, and remand to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).