**Zun Jing LIN Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General & Bureau of Citizenship and Immigration Services, Respondent.**

**No. 04–1427–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 6, 2006.

Stephen Singer, New York, New York, for Petitioner.

Sheldon J. Sperling, United States Attorney for the Eastern District of Oklahoma; Gordon Cecil, Assistant United States Attorney, Muskogee, Oklahoma, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is remanded for further proceedings consistent with this decision.

Zun Jing Lin, through counsel, petitions for review of the Board of Immigration Appeals ("BIA") February 27, 2004, order affirming, without opinion, an immigration judge's ("IJ") decision denying Lin's appli-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

cations for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ The initial problem with the IJ's decision is that she gave "no weight" to any of the petitioner's corroborating documents because, in the IJ's view, "[Lin] could not testify regarding how these documents arrived in the United States." [A35] In fact, Lin testified that the documents were mailed to him from China by his wife in 1990. [A124] The IJ's failure to consider Lin's explanation for his receipt of the documents requires a remand so that the IJ may re-assess Lin's testimony in light of the documents. The fact that Lin could not explain or testify about the contents of the documents cannot be held against him since he is illiterate.

Lin claimed that his wife had been forced to have an abortion after the birth of their fourth child in 1988. The IJ found Lin not credible on this point, relying principally on the ground that Lin "said something like the wife having the abortion or being forced to undergo the abortion in 1979." [A43] In fact, Lin testified consistently that the abortion occurred in 1988. [A130] Lin also stated this date in his asylum application. [A339] Lin's only reference to 1979 in connection with the abortion was when he asked the IJ, "That

abortion, was that in '79?" [A154]. This was not a statement that the abortion occurred in 1979 and appears to be an effort on Lin's part to inquire whether the IJ was asking about what happened in 1979, when his wife was ordered to report for a sterilization, which did not then occur, or in 1988, when the abortion occurred.

Lin also claimed that his wife was involuntarily sterilized in 1988, after the abortion. The IJ found Lin not credible on this point, relying, in part, on the IJ's belief that the documents Lin produced showed that the sterilization occurred in 1979. In fact, the documents show that the wife was only ordered to report for sterilization in 1979 but underwent sterilization in 1988, as Lin testified. [A275–76]. The IJ also stated that Lin "did not testify to link the wife to [the] x-ray reports [of the sterilization.]" [A44]. In fact, Lin testified that exhibit 8 was the X-ray that had been given to his wife after the sterilization. [A136]

There are aspects of Lin's testimony that are somewhat vague and confusing. Whether this results from this uneducated man's lack of comprehension of the questions or from an attempt to fabricate cannot be determined on this record, and, in any event, is an issue for the BIA, not this Court. Nevertheless, because the IJ made clear errors in the course of finding Lin not credible with respect to serious claims of a forced abortion and an involuntary sterilization, the case must be remanded so that, after a new hearing, new findings can be made to resolve the asylum application.

■ Because Lin failed to raise the issue of CAT relief on appeal to the BIA, this Court lacks jurisdiction to review this claim. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS*, 358 F.3d 162 (2d Cir.2004).

For the foregoing reasons, the petition for review is GRANTED, the BIA's Janu-

ary 2004 decision is VACATED, and the case is remanded for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).