Muharrem KOPANI & Tania Lubonja, Petitioners,

v.

Alberto R. GONZALES, United States Attorney General, Respondent.

Nos. 04–0675–AG (L), 04–0676–AG (CON) NAC.

United States Court of Appeals, Second Circuit.

Jan. 10, 2006.

Aleksander Milch, New York, New York, for Appellant.

Susan Corkery, Assistant United States Attorney, Monica E. Ryan, Assistant United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellees.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT D. SACK, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Tania Lubonja and Muharrem Kopani, through counsel, petition this Court for

review of the BIA decision affirming, without opinion, the decision of an immigration judge ("IJ") denying their application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 176 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000).

Here, the IJ found Lubonja's and Kopani's testimony incredible based on the contradictory and implausible nature of their testimony. Specifically, the IJ found that Lubonja's testimony as to a police report she received in connection with an incident that occurred at her and Kopani's restaurant was incredible since Lubonja could not explain why the report was dated a year after the incident. Furthermore, the IJ found that Lubonja's and Kopani's testimonies conflicted as to the dates and details of specific acts of alleged persecution. *See Secaida–Rosales,* 331 F.3d at 307. Because the IJ's adverse credibility finding was based on specific examples of "inherently improbable testimony" and "contradictory evidence" the BIA properly affirmed the IJ's decision. *See Zhou Yun Zhang,* 386 F.3d at 74 (citations and internal quotation marks omitted).

Furthermore, as Lubonja and Kopani have not satisfied the standard for a grant of asylum, they cannot meet the higher standard for a grant of withholding of removal. *See Ramsameachire,* 357 F.3d at 178.

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).