**Min Xia ZHENG, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SE-CURITY, through Alberto R. Gon-zales,[1] United States Attorney General Respondent.**

No. 04–3031–AG NAC.

United States Court of Appeals, Second Circuit.

Jan. 10, 2006.

Ramesh K. Shrestha, New York, New York, for Petitioner.

Bud Cummins, United States Attorney for the Eastern District of Arkansas, Gwendolyn D. Hodge, Assistant United States Attorney, Little Rock, Arkansas, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is denied.

Min Xia Zheng, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") decision denying her application for asylum and withholding of removal. Zheng alleges persecution based on her opposition to coercive population policies in China. The IJ found Zheng was not credible and, therefore, did not demonstrate eligibility for the relief she sought. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evi-

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for for- mer Attorney General John Ashcroft as the respondent in this case.

dence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–74 (2d Cir.2004).

The IJ found Zheng to be not credible because she did not mention in her credible fear interview that the Chinese family planning authorities threatened to sterilize her. The record shows that Zheng was given repeated opportunities to mention this claim but failed to do so. Yet, in both her asylum application and her in-court testimony, Zheng stated that she was threatened with sterilization by the authorities. Further, she testified that she fled her home and traveled to the United States because she was afraid the authorities would sterilize her in place of her sister-in-law.

Notwithstanding some erroneous grounds that the IJ cited in finding Zheng incredible, Zheng's failure to mention that she was allegedly threatened with sterilization by the authorities—a threat that she claimed was the reason that she went into hiding and then fled China—so overwhelmingly undermines her credibility that there is no realistic possibility of a different result if this case were to be remanded. As a result, the evidence so overwhelmingly supports the IJ's finding that there is no realistic possibility of a different result on remand. *See Cao He Lin v. United States Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). Because Zheng has been found to be incredible, she cannot demonstrate a well-founded fear of persecution. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). Since she failed to meet the lesser standard for asylum, she cannot meet the more exacting standard for withholding of removal. *See id.* at 178.

Because Zheng did not raise the claim of CAT relief in her petition to this Court, she has waived any challenge to the IJ's denial of that claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541, n. 1, 545 n. 7 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).