**Guo Xing WANG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 04–1392–AG.

United States Court of Appeals, Second Circuit.

Jan. 23, 2006.

Gang Zhou, New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney, District of New Jersey, Stuart A. Minkowitz, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

Petitioner Guo Xing Wang ("Wang"), native and citizen of China, petitions for review of an order of the Board of Immigration Appeals ("BIA"), dated February 23, 2004, summarily affirming the decision of the Immigration Judge ("IJ") The IJ rejected the petitioner's applications for asylum and withholding of removal under 8 U.S.C. §§ 1158(a), 1231(b)(3), and denied relief under Article 3 of the United Nations Convention Against Torture ("CAT") 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA summarily affirms any part of the IJ's decision, "it is appropriate ... to review [that part of] the decision of the IJ directly." *Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual

findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

To be eligible for asylum, an applicant must show that he or she has suffered past persecution or has a well-founded fear of future persecution based on race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. § 1101(a)(42). To be eligible for withholding of removal an applicant must show that it is more likely than not that his or her life or freedom would be threatened based on one of the five categories for obtaining asylum. *See* 8 U.S.C. § 1231(b)(3); *Ramsameachire*, 357 F.3d at 178.

The IJ properly characterized Wang's testimony as implausible and incoherent, particularly as it related to Wang's failure to register his marriage, his failure to obtain any confirming or corroborating statement from his wife and his failure to explain the circumstance of his visit to his mother in a detention facility.

Wang stated that he did not register the marriage initially because his wife was underage. However, the IJ asked Wang to explain why he did not register the marriage when his wife became of age, and Wang only stated that he "did not." With respect to Wang visiting his mother in a detention center, Wang stated that he met his mother, unsupervised, between "iron gates,". To avoid interaction with prison officials, he visited his mother in the evening. However, he also stated that prison authorities would meet him to determine which inmate he sought to visit, but they never asked Wang for identification. Because a reasonable fact-finder would not be compelled to draw a different conclusion as to Wang's credibility, this Court should deny Wang's petition for review and uphold the BIA's decision to affirm the IJ's findings. *See, e.g., Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (stating that adverse credibility finding may be based on the inherent implausibility of particular allegations).

We have considered all of the petitioner's other Wang claims and find them to be without merit. The petition for review is therefore DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).