**Zongtian WEI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3610–AG.**

United States Court of Appeals,
Second Circuit.

Jan. 27, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Stephen Murphy, United States Attorney for the Eastern District of Michigan, Stephen L. Hiyama, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zongtian Wei ("Wei"), through counsel, petitions this Court for review of the BIA decision dismissing Wei's appeal of the decision of an immigration judge ("IJ") denying his application for asylum.[2] We assume the parties' familiarity with the underlying facts and procedural history.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is automatically substituted for his predecessor, John Ashcroft, as the respondent in this case.

2. Wei also included in his application withholding of removal and Convention Against Torture claims. However, because, in his

brief to this Court, Wei merely recites the relevant law with regard to these claims but does not specify how the BIA erred with regard to them, Wei failed to sufficiently raise these claims before this Court, and, thus, they are waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 7 (2d Cir.2005) (finding that issues not sufficiently raised in appellate brief are deemed waived).

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) (per curiam); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000). Where, as here, the BIA essentially adopts the reasoning of the IJ, this Court's review is "confined to the reasoning of the IJ, and [this Court] will not search the record independently for a basis to affirm the BIA." *Secaida–Rosales*, 331 F.3d at 305 (reviewing the IJ's decision directly where "the IJ issued a thirty-page oral decision ..., whereas the BIA decision [was] comprise[d of] less than two pages, with its discussion of the substance of [petitioner's] appeal confined to two paragraphs which primarily recount[ed] the IJ's reasoning").

Here, the IJ relied on substantial evidence in finding that Wei was not credible. Specifically, the IJ properly determined that it was implausible that Wei's wife was in hiding for five years without detection by Chinese officials, that Wei's wife was able to obtain numerous government-issued documents while in hiding, that government officials would forcibly abort Wei's wife when she was eight months pregnant, and that Wei would be able to escape from a hospital with his wife when she was eight months pregnant and having heart pains. Further, the IJ correctly determined that Wei's application and his wife's supporting letter were inconsistent with his testimony in that neither Wei nor his wife had previously mentioned having escaped from the hospital, an event sufficiently important to recall in reference to claims of persecution.

We have reviewed the remainder of Wei's claims and find them meritless. Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).