**Victoria KRAPIVNYUK, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 04–2556–AG.**

United States Court of Appeals, Second Circuit.

Feb. 2, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Glenn T. Suddaby, United States Attorney for the Northern District of New York; Carl K. Boykin, Assistant United States Attorney, Syracuse, New York, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. DENNIS JACOBS, and Hon. RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Victoria Krapivnyuk petitions for review of an order of the BIA affirming the order of an immigration judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews an agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004), reversing only if " 'no reasonable fact-finder could have failed to find' that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000)). Where the BIA affirms the judgment of the IJ without opinion, this Court reviews the IJ's decision directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003).

Substantial evidence supports the IJ's adverse credibility finding. "Where the IJ's adverse credibility finding is based on specific examples in the record of 'inconsistent statements' by the asylum applicant about matters material to [her] claim of persecution ... a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." *Zhang, 386 F.3d at 74.* Krapivnyuk's testified inconsistently about the persecution she suffered on account of her religion. Thus she claimed at the same time that a government-run institute (i) took her religion "into deep consideration," treating her as a second class citizen, and (ii) yet was unaware of her religious affiliation, and granted her admission and conferred a degree. This inconsistency alone suffices as substantial evidence to support the IJ's credibility finding. Although Krapivnyuk attempted to reconcile these contradictory statements, the IJ was not obligated to credit her explanation.

For these reasons, the petition for review is DENIED