**TONG EN YOU, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Respondent.**

**No. 04–0153–AG.**

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Samuel D. Wright, Assistant United States Attorney, Northern District of Mississippi (David N. Kelley, United States Attorney, Southern District of New York, Jim M. Greenlee, United States Attorney, on the brief), Oxford, Mississippi. for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. BARRINGTON D. PARKER, Circuit Judges.

SUMMARY ORDER

Tong En You, through counsel, petitions for review of the BIA's order affirming the decision of an immigration judge ("IJ") that denied You's claims for asylum and withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.*, 400 F.3d 963, 964 (2d Cir. 2005).

The IJ found You not credible because he found it implausible that ten or more authorities would travel from You's village to the brick factory where he worked, some two thousand kilometers away, break into his employers dormitory at 3 a.m., drag him into a van, travel thirty hours, nonstop, back to his village, and then forcibly sterilize him. The IJ pointed out that it was implausible the village government would dedicate so many resources to sterilizing You.

The IJ's finding is substantially supported in the record and is sufficient to find You incredible, because it goes to the heart of his claim. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (finding that an adverse credibility finding can be based on "inherently improbable testimony"). Moreover, You submitted no evidence to corroborate his claim that it was a very common practice in his area for birth control officials to travel vast distances to track down those who are to be sterilized, and the only material in the record that discusses China's coercive population policies, the State Department Reports, do not corroborate his claim.

Because the IJ found You incredible, he is not able to meet the subjective component of a well-founded fear of persecution. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). Since he failed to meet the lesser standard for asylum, he cannot meet the more exacting standard for withholding of removal. *See id.* at 178. The IJ also properly denied You's CAT claim. The only evidence presented by You concerning the likelihood of torture was his testimony that, if he were returned to China, he would be jailed and fined.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).