**Shui Yun LIN and Jian Chao Wang, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–2274–AG.**

United States Court of Appeals, Second Circuit.

March 22, 2006.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

G. Victoria Calle, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Department of Justice, Washington, D.C., Eric F. Melgren, United States Attorney, Leon Patton, Assistant United States Attorney, Kansas City, Kansas, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shui Yun Lin and her minor child, Jian Chao Wang, through counsel, petition for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying Lin's applications for asylum and withholding, which were based on her claim that she was involuntary sterilized in 1986, fourteen years before her arrival in the United States. We assume the parties' familiarity with the underlying facts and procedural history of the case, which we reference only as necessary to explain our decision.

Where, as here, the BIA adopts and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

The IJ found that Lin had been sterilized. However, the IJ concluded that Lin failed to adduce credible evidence that the sterilization had been involuntary. The IJ's adverse credibility determination is substantially supported by the record as a whole. The record reveals several material discrepancies between Lin's hearing testimony and both her husband's hearing testimony and 1994 asylum application.[2] For example, Lin testified that the couple's second child was born on January 16, 1986, while her husband's asylum application claimed that the child was born in 1992, approximately six years *after* Lin claimed she had been involuntarily sterilized. The IJ also reasonably found that Lin's explanation for her prompt registration of the birth of her second child—the event that Lin claimed resulted in her involuntary sterilization—was internally inconsistent: Lin testified that she promptly registered the birth so that her child could attend school even though, by her own admission, the child would not begin attending school until at least age five. Based upon the serious and ill-explained inconsistencies with respect to facts material to Lin's claim of past persecution, the IJ reasonably concluded that Lin and her husband demonstrated an overall lack of credibility. *See Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 74–76 (2d Cir.2004) (affirming BIA's find-

---

**2.** Lin's husband's asylum application was ap-      parently denied *in absentia.*

**58**

ing that "important discrepancies" in applicant's account "are indicative of an overall lack of veracity on the part of the applicant" (internal quotation marks omitted)).

Against the backdrop of Lin's questionable veracity, it was likewise reasonable for the IJ to find not credible Lin's claim that her sterilization had been involuntary, especially in light of one other critical inconsistency: The IJ specifically noted that Lin's husband's 1994 asylum application did not even mention Lin's sterilization, though it did mention his own. Lin's husband's various explanations for this omission were themselves not credible. The IJ thus reasonably concluded that there was a lack of credible evidence that Lin's sterilization had occurred in 1986, much less that it had been involuntary. Under these circumstances, we cannot conclude that a reasonable adjudicator would be compelled to find that Lin credibly established the occurrence of an involuntary sterilization. *See* 8 U.S.C. § 1252(b)(4); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161–62 (2d Cir.2006).

Because the IJ properly determined that Lin was not credible and therefore did not meet her burden of proof for asylum, denial of withholding of removal, which carries a higher burden of proof, was also correct.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).