SUMMARY ORDER
Zheng Yang Zheng, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge (“IJ”) denying his applications for *106 asylum and withholding of removal. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
The IJ found Zheng not to have been credible. This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(f)(B); Jin Hui Gao v. United States Att’y Gen., 400 F.3d 963, 964 (2d Cir.2005); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004).
The IJ correctly found that Zheng had not testified credibly because: (1) he had previously filed a false asylum application and provided no reasonable explanation for filing the false asylum application; and (2) Zheng testified that the reason that he filed the applications was in order to obtain work authorization. Although Zheng contends that obtaining work authorization is only one motivation for applying for asylum, we do not overturn a credibility determination because an alternate plausible explanation exists. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). Accordingly, substantial evidence supports the Id’s adverse credibility finding and the petition for review is denied.
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).