**Xue Zhen WANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–1077–AG.**

United States Court of Appeals,
Second Circuit.

April 19, 2006.

**34**

Charles Christophe, Christophe & Associates, P.C., New York, New York, for Petitioners.

Margaret M. Chiara, United States Attorney for the Western District of Michigan, Michael A. MacDonald, Assistant United States Attorney, Grand Rapids, Michigan, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Xue Zhen Wang, through counsel, petitions this Court for review of the BIA decision dismissing his appeal from the decision of Immigration Judge Sandy Hom ("IJ") denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

When "the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, [this Court] ... review[s] both the BIA's and IJ's opinions—or more precisely, [the Court] review[s] the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

This Court gives great deference to the IJ's evaluation of Wang's demeanor, as the IJ was in the best position to judge whether Wang's testimony was genuine. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004) (describing the IJ as being in the best position to judge, *inter alia*, whether the applicant was "attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script'"). Thus, this Court accepts, as the BIA did, the IJ's finding that Wang appeared to be recalling a memorized script when testifying about his wife's IUD insertion and sterilization.

■ Inconsistencies between the testimony Wang presented in 1997 and 2003 concerning the circumstances surrounding his wife's sterilization constitute substantial evidence supporting the IJ's and BIA's adverse credibility determination. Specifically, Wang testified that (1) his wife's forced IUD insertion, and (2) his argument with Chinese government officials, occurred on one date the first time he testified and on another date the second time.

■ Inconsistencies in Wang's testimony regarding the availability of documentary evidence also significantly undermined his credibility. Wang did not provide any documentary support for his claims in 1997, but, instead, explained that certain identification documents had been lost and replacements could not be obtained. In 2003, however, Wang submitted several of the documents previously requested without explaining why replacement copies of these documents were now available. In 1997, Wang testified that his original marriage certificate had been lost and a replacement had been issued in November 1991. Wang testified at his second hearing, however, that a marriage certificate had never been issued when he was married in 1980. Additionally, Wang initially testified that his wife's sterilization certificate had been thrown away, but later testified that he had given the certificate to the "travel agency," which lost it.

The IJ and the Government properly questioned Wang regarding these inconsistencies, providing him with the opportunity to explain his varying testimony. *See Xue v. Board of Immigration Appeals,* 439 F.3d 111, 113 (2d Cir.2006). The IJ's decision not to credit Wang's explanations was supported by substantial evidence, especially in light of Wang's concession that he lied under oath in a prior proceeding. Thus, substantial evidence supported the IJ's and BIA's decisions denying Wang's asylum claim.

Because Wang's own testimony constituted the only evidence of a threat to his life or freedom, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Moreover, the BIA correctly determined that Wang failed to meet the standard for granting CAT relief, as he provided no evidence that it was more likely than not that he would be tortured upon return to China. *See* 8 C.F.R. § 208.16(c)(2); *see also Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003).

Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).