**Jiabao PAN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–1671–ag.

United States Court of Appeals, Second Circuit.

Jan. 29, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Jiabao Pan, Alhambra, CA, pro se.

Peter D. Keisler, Assistant Attorney, General, Michelle Gorden Latour, Assistant Director, Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. CHESTER J. STRAUB, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Jiabao Pan, a native and citizen of China, seeks review of the March 26, 2007 order of the BIA affirming the April 13, 2000 decision of Immigration Judge ("IJ") Sandy Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiabao Pan*, No. A73–190–131 (B.I.A. March 26, 2007), *aff'g* No. A73–190–131 (Immig. Ct. N.Y. City, April 13, 2000). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions, including any portions of the IJ's decision that are not discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse

credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004).

█ In this case, the IJ's adverse credibility determination, as a whole, is supported by substantial evidence. Specifically, Pan originally stated in his asylum application that he had been sterilized, then amended his application and stated that, because the doctor was a friend of a "relative," he was able to convince the doctor not to sterilize him and still provide him with a sterilization certificate. Because Pan's near-sterilization was central to his claim, this inconsistency supports the agency's adverse credibility finding. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005); *Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005).

The IJ also noted that, when pressed for explanations, Pan became "non-responsive" and his testimony became "rambling," and "incoherent." To the extent Pan offered explanations, we may not upset the IJ's decision not to credit them, as no reasonable fact-finder would have been compelled to do so. *See Majidi*, 430 F.3d at 80–81. To the extent this was a demeanor finding, we afford deference to that finding. *See Dong Gao v. BIA*, 482 F.3d 122, 126–27 (2d Cir.2007) (we grant "particular deference in applying the substantial evidence standard to credibility findings based on demeanor" (internal quotation marks omitted)).

Further, the IJ's finding that Pan's story was farfetched and incredible was not impermissibly speculative. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 66–67 (2d Cir.2007). The IJ found implausible Pan's account that he was able to obtain two fake sterilization documents from two different doctors, one of whom he alleged he knew through either his wife or a relative. The IJ also found implausible Pan's testimony that an unidentified friend who helped him fill out his initial asylum application did not read back to him the contents of the application or otherwise advise him as to what was included in his request for relief. These findings were not based on flawed reasoning, speculation or conjecture, where the reasons for the IJ's incredulity were evident. *See id.* at 67.

The IJ also reasonably found that Pan's failure to provide affidavits from family members further undermined his credibility. An applicant's failure to corroborate his or her testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (presenting the latter situation).

█ The agency erred in declining to give weight to the medical documents Pan submitted based on his admission that he had procured fraudulent documents in China. We have held that "[a] false sterilization certificate submitted to family planning officials to evade persecution does not reasonably discredit the authenticity of other documents submitted in an entirely different context." *Rui Ying Lin v. Gonzales*, 445 F.3d 127, 133 (2d Cir.2006). Nonetheless, the error does not require remand where, as here, the agency's adverse credibility finding was otherwise

supported by substantial evidence and we can confidently predict, based on our review of the record as a whole, that the agency would reach the same decision absent this error. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 339 (2d Cir.2006).

Because Pan was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief to the extent those claims were based upon the same factual predicate.[2] *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Finally, with regard to Pan's voluntary departure argument, issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Pan has failed sufficiently to argue his voluntary departure claim before this Court, and because addressing this argument does not appear to be necessary to avoid manifest injustice, it is deemed waived.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Pan's pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. To the extent Pan alleges that the BIA erroneously denied CAT relief based on his illegal departure from China, his argument is unavailing. As noted by the BIA, Pan failed to develop the issue before the IJ and, thus, that issue is unexhausted. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007).

