**Petrit MUJA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–3712–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 10, 2006.

Charles Christophe, Christophe & Associates, P.C., New York, New York, for Petitioner.

Frank D. Whitney, United States Attorney for the Eastern District of North Carolina; Joshua B. Royster, Anne M. Hayes, Assistant United States Attorneys, Raleigh, North Carolina, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petrit Muja, through counsel, petitions for review of the BIA order affirming an immigration judge's ("IJ") decision denying his application for asylum under the Immigration and Nationality Act ("INA"), withholding of removal under the INA, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the IJ's findings of fact, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000).

In this case, the IJ's factual and credibility determinations were substantially supported by the record. The IJ's credibility determination was based on specific examples in the record of Muja's inconsistent and contradictory testimony.

Substantial evidence also supports the IJ's finding that "the situation in Kosovo is considerably more stable than when the respondent resided in that region." The IJ referred to the background materials, particularly the Department of State Country Report on the Federal Republic of Yugoslavia, which indicated that United Nations-authorized and NATO-led peacekeeping forces were occupying Kosovo, and that "the conditions which prevailed at the time of the regime of President Milosevic can no longer be said to exist."

Because substantial evidence supports the IJ's conclusion that Muja did not establish eligibility for asylum, he also fails to meet the higher standard required for withholding of removal.

To the extent Muja raised a CAT claim before the IJ, he failed to exhaust it before the BIA. *See* 8 U.S.C. § 1252(d).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).