Ramadan NOVAKU, Lavdie Novaku, Petitioners,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

Nos. 04–4345, 04–4347.

United States Court of Appeals, Second Circuit.

Jan. 26, 2006.

Charles Christophe, New York, New York, for Petitioners.

David E. Nahmias, United States Attorney for the Northern District of Georgia, G. Scott Hulsey, Assistant United States Attorney, Atlanta, Georgia, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of these petitions for review of orders of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petitions for review be DENIED.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Petitioners Ramadan Novaku ("Ramadan") and Lavdie Novaku ("Lavdie"), natives and citizens of Albania, petition for review of the orders of the BIA, affirming a decision of an immigration judge ("IJ"). The IJ rejected Lavdie's application, on behalf of herself and her husband Ramadan, for asylum and withholding of removal under the Immigration and Nationality Act of 1952 ("INA"), *see* 8 U.S.C. §§ 1158(a), 1231(b)(3). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir. 2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

We have reviewed the record and find that the BIA's affirmance of the IJ's adverse credibility determinations is supported by substantial evidence. The IJ found the petitioners to have been "extremely difficult" and not "convincing witnesses," noting that "both of them seemed to go back to, in a desire to almost recite a script of what they knew, rather than try to answer the questions as best they could when asked for details of events, times, places and circumstances." We owe substantial deference to the IJ's finding that their demeanor was not that of a credible witness. *See Zhang*, 386 F.3d at 73. Substantial evidence also supports the IJ's observation that Lavdie's testimony and her affidavit were inconsistent, with regard to when her house was burned by an armed gang, and such inconsistency was substantial and material to her claim of persecution. *See id.* at 74. Moreover, the IJ's demand for corroborating evidence, for instance, of the petitioners' alleged internment, was not unreasonable. The IJ identified the particular evidence which was lacking, noted that "in other cases [the court] ha[s] had certificates indicating a certain category that has been assigned to the Formerly Politically Persecuted and Condemned," and adjourned the hearing multiple times, over the course of three years, to allow the petitioners to collect evidence, with consular notification, in support of the allegations contained in their application for relief.

Because the petitioners are ineligible for asylum, the IJ properly concluded that they are "necessarily unable to establish [their] eligibility for withholding of removal." *Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).