**Gjovalin GJERGJI, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 04–0960AG.

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Charles Christophe, New York, New York, for Petitioner.

Jonathan S. Gasser, Acting United States Attorney for the District of South Carolina, Frances C. Trapp, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED and the case is REMANDED.

Gjovalin Gjergji, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") opinion denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history.

In *Zhou Yun Zhang v. INS*, 386 F.3d 66 (2d Cir.2004), we reviewed the IJ's decision in combination with that of the BIA. *See* 386 F.3d at 80–81. We have recently stated, in dicta, that "where the BIA adopts the decision of the IJ and merely supplements [it] … we review the decision of the IJ as supplemented by the BIA." *Yan Chen*, 417 F.3d at 271 (citing *Niam v. Ashcroft*, 354 F.3d 652, 655–56 (7th Cir.2004)). Here, the BIA and the IJ decisions relied on essentially the same reasoning, although the IJ provided additional detail, so we review them together. We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004). However, we review the agency's application of legal principles to undisputed facts *de novo*. *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

Both the BIA and the IJ relied on the State Department's 2001 Report on Country Conditions in Albania, which said that there has not been a pattern of mistreatment based on political party. However, many other reports in the record, including those from preceding years by the State Department, acknowledge accusations of harassment and murder of Democratic Party members by the government. Neither the BIA nor the IJ explained why they credited the 2001 report over the other reports, as we required in *Cao He Lin v. U.S. Dept. of Justice*, 428 F.3d 391, 403 (2d Cir.2005). We have also stated that "the immigration court cannot assume that a report produced by the State Department—an agency of the Executive Branch of Government that is necessarily bound to be concerned to avoid abrading relations with other countries … —presents the most accurate picture of human rights in the country at issue. We note the widely held view that the State Department's reports are sometimes skewed toward the governing administration's foreign-policy goals and concerns." *Tian-Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004). Therefore, we remand for an explanation of why reliance only the 2001 report was reasonable.

For the forgoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings. Any outstanding motions are DENIED as moot.