**Qiu Zhu PAN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4522AG.**

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Frank R. Liu, New York, New York, for Petitioner.

David C. Iglesias, United States Attorney for the District of New Mexico, Terri J. Abernathy, Assistant United States Attorney, Las Cruces, New Mexico, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Qiu Zhu Pan petitions for review of the BIA decision denying affirming an immi-gration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000). We review *de novo* the agency's determination that an undisputed set of facts does not constitute persecution. *See, e.g. Diallo v. INS* 232 F.3d at 287.

Because the parties stipulated that Pan would testify in accordance with her written application, the IJ decided the case on Pan's I–589 form and submitted documentary evidence. Contrary to Pan's argument, the IJ did not conclude that the evidence she offered to support her claim was incredible. The IJ correctly concluded that the evidence, even if true, was insufficient, as a matter of law. Nothing in Pan's application or other materials indicates that petitioner was in fact pregnant when Chinese family planning officials, purportedly acting on a slanderous report, sought to compel her to submit to an abortion. Thus, there is no evidence to support her claim of past persecution for violations of China's family planning policies or any objectively reasonable basis for believing there will be future persecution on this ground. The record does not indicate that Chinese authorities are currently looking for Pan or that they would have any basis upon which to punish her if she were returned to China. Certainly there is no evidence that Pan would be tortured

upon return to China. Accordingly, the IJ's determination that Pan failed to adduce evidence sufficient to establish eligibility for asylum, withholding of removal, and relief under the CAT is substantially supported by the record as a whole.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).