**Xiang Jin LI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 04–6020–AG.

United States Court of Appeals, Second Circuit.

Feb. 13, 2006.

**536**

David X. Feng, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney for Southern District of Texas, Daniel David Hu, Assistant United States Attorney, Houston, Texas, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 13th day of February, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xiang Jin Li, through counsel, petitions for review of the BIA's decision affirming an immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Where, as here, the BIA's decision affirms the IJ's holding but supplements it, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2003); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d· 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

■ According to her asylum application, Li had her IUD removed by a private doctor in September 1996. She also testified at her hearing that she had a private doctor remove the IUD in September 1996. However, at her asylum interview, she told the officer that a private doctor removed her IUD in September 1990. When confronted with this inconsistency at her hearing, Li stated that she must have forgotten the date at her interview and mistakenly said the wrong year. The IJ need not accept the explanation, and the IJ's determination that an explanation was not sufficient will be reversed only if a reasonable fact finder would have been compelled to credit the explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005). In this case, the IJ rejected Li's explanation, and no reasonable factfinder would be compelled to accept it because Li's answers differed by six years.

In both her asylum application and hearing testimony, Li stated that the government forced her to undergo a second abortion in October 2001. However, she never mentioned a second abortion at her asylum interview. The asylum interview was properly conducted because an interpreter was available, the questions asked sought to elicit information about Li's claims, there was the opportunity for follow-up questions, and there was an opportunity for Li to fully explain her claims. *Compare Ramsameachire*, 357 F.3d at 179–80 and *Guan v. Gonzales*, 432 F.3d 391, 2005 WL 3527131, at *4 (2d Cir. Dec.23, 2005) (explaining how sworn statements given during airport interviews should be examined closely to determine if they should be considered in making an adverse credibility finding).

An IJ's demeanor finding is generally granted strong deference because a factfinder who watches a witness testify is generally in the best position to determine whether the testimony is genuine. *See Zhou Yun Zhang v. INS*, 386 F.3d at 73. In this case, the IJ stated that Li had to have questions repeated numerous times, was often unresponsive to the questions that were being asked to her, and testified as if she was working very hard to remember what was on her application. Because the IJ pointed to specific aspects of Li's demeanor that made her testimony questionable, the IJ's findings regarding Li's demeanor are given deference.

The IJ and the BIA erred in certain aspects of their analysis with respect to the weight to be given to the documents Li submitted. But in light of Li's generally inconsistent testimony, we believe a remand would be futile. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 403 (2d Cir.2005).

Under 8 U.S.C. § 1252(d)(1), a court can review a final order of removal only if the alien has exhausted all administrative remedies available. This Court does not have jurisdiction over Li's CAT claim because it was not exhausted before the IJ and the BIA. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005) (holding that the statutory exhaustion doctrine bars consideration of entire categories of relief when they were not challenged below).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).