**Ru Hua LIU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,[1] Respondent.**

No. 04–3023–AG.

United States Court of Appeals, Second Circuit.

Feb. 16, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Karen Jaffe, New York, NY, for Petitioner.

Toi Denise Houston, Assistant United States Attorney Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, on the brief, Hammond, IN, for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ru Hua Liu, through counsel, petitions for review of an order of the BIA, affirming a decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. § 1231(b)(3), and protection under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20

(1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

■ This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005). After reviewing the record, we are persuaded that the BIA properly found that Liu did not possess a well-founded fear of future persecution. Liu never claimed that she feared physical coercion from the family planning officials upon her return to China, but merely claimed that she was subjected to a fine for not attending a mandatory gynecological exam and may be put in jail upon return. Moreover, Liu testified that her siblings, although all over the age of 18, have not been subjected to the same exam requirement because the regulation is no longer being strictly enforced. Accordingly, the BIA's finding was supported by substantial evidence.

■ Because the only evidence of a threat to Liu's life or freedom depended upon her credibility, the adverse credibility determination in this case precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Finally, Liu did not offer any evidence that she would be tortured upon her return to China, and is thus ineligible for relief under the CAT. *See Mu Xiang Lin v. U.S. DOJ*, 432 F.3d 156, 160 (2d Cir.2005). Therefore, we deny petitioner's petition for review.

Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.

Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).