Meizi LIU, Petitioner,

v.

BOARD OF IMMIGRATION
APPEALS, Respondent.

No. 05–0903–AG.

United States Court of Appeals,
Second Circuit.

Feb. 17, 2006.

872

Gary J. Yerman, New York, New York, for Petitioner.

R. Alexander Acosta, United States Attorney, Southern District of Florida, Laura Thomas Rivero, Assistant United States Attorney, Miami, Florida, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. DENNIS JACOBS, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Meizi Liu petitions for review of an order of the BIA affirming the decision of an Immigration Judge ("IJ") ordering her removal to China and denying her applications for asylum, withholding of removal, and CAT relief. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000). We assume the parties' familiarity with the facts and procedural history of the case.

Upon due consideration, it is ORDERED that the petition for review is hereby GRANTED because the IJ's adverse credibility finding was not supported by substantial evidence and because the IJ's demonstrated bias and hostility toward the petitioner may well have tainted his decision.

■ Many of the inconsistencies that the IJ identified, are not supported by the record. First, the IJ found "ridiculous and completely implausible" Liu's assertion that she had planned to remain in hiding after having a second child. Liu's desire to hide from her hometown indefinitely was not "inherently implausible;" there is nothing inherently implausible about leaving a place in which one does not wish to live, and settling elsewhere. Second, the IJ determined that Liu's testimony that her son had a cough, and was given some medicine which he responded to immediately, but then was held for a month in the hospital, made "absolutely no sense.". However, Liu had, in fact, testified that "the cold [had] create[d] a problem [in] his lung." *See* JA at 100. The IJ's finding that Liu had failed to offer corroboration of her son's month-long stay in the hospital was not relevant to her claim of persecution by family planning officials, and therefore, should not have formed a basis for the IJ's adverse credibility finding. Third, the IJ determined that, "after saying that [Liu's] husband [had been] running and hiding and [had been] afraid of being arrested ... [she] then turned around and said that he only came to the United States to make more money." *Id.* at 45. However, Liu consistently testified that both reasons for her husband's escape to the United States were valid. She stated, "*also* for the reason that we can have a better life." *See id.* at 110 (emphasis added). The same is true for Liu's statements regarding her own escape to the United States. While Liu did admit, after much questioning, that she had come to the United States, in part, because she wished to have a better life, at no point through-

out her testimony did she waver in her assertions that she had been forcibly sterilized. On this record, the IJ could decide that one reason was the actual motivation and the other not; but the record does not support the finding that either reason was abandoned or contradicted. Finally, the IJ relied on Liu's prevarication in stating that her husband had waited eight months, and then a year and eight months, before coming to the United States. However, Liu had stated that her husband had been in hiding since the time of her sterilization, until December 1997. Her initial difficulty, and subsequent recovery, in calculating the months from April 1996 to December 1997, should not have been a basis for the IJ's adverse credibility determination.

Liu did testify inconsistently as to: (1) whether she had been taken from her home, or her sister's home, by the family planning officials to be sterilized; and (2) whether or not her husband had been arrested and detained for two days by the family planning officials. These two inconsistencies are taken solely from the assessment memorandum, which paraphrased Liu's testimony to an asylum officer. A record of an interview that summarizes or paraphrases the alien's statements may be less reliable than a verbatim account or transcript, but the IJ may give it weight and evidently has done so.

The remaining inconsistency that the IJ noted within Liu's testimony pertained to whether or not Liu had seen her husband at her home upon returning from her sterilization. Although the record does indicate that Liu prevaricated on this point, remand is still proper. In *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144 (2d Cir.2006), this Court held that remand was not required where "(1) substantial evidence supports the error-free findings that the IJ made, (2) those findings adequately support the IJ's ultimate conclusion that petitioner lacked credibility, and (3) de-spite errors—considered in the context of the IJ's entire analysis—we can state with confidence that the IJ would adhere to his decision were the petition remanded." *Id.* at 161.

■ In this case, in light of the several errors in the IJ's adverse credibility determination noted above, remand would not be futile because the Court cannot confidently predict that the IJ would reach the same decision were the petition remanded. Of the eight factors relied upon by the IJ in his adverse credibility determination, all but one were faulty. Even assuming that substantial evidence supports the one error-free finding, the seven errors, "considered in the context of the IJ's entire analysis" render it impossible to state with confidence that the IJ "would adhere to his decision were the petition remanded." *Id.*

■ Furthermore, the Court finds the IJ's conduct toward the petitioner particularly disturbing in this case. Remand is also proper, therefore, because the record supports Liu's argument that the Immigration Judge demonstrated a "pervasive bias and hostility" towards Liu, which may have tainted his decision and prejudiced her claim. The Immigration Judge acted improperly throughout Liu's proceedings by: (1) doggedly assuming that Liu was lying when she stated, consistently, that she lived and worked at her sister's house, and not in a garment center or a restaurant; (2) regularly using combative and insulting language in his questioning of Liu; (3) reasoning that the "normal reaction" for a woman who had been forcibly sterilized would not be to flee the country which enacted the coercive family planning policies, but, instead, would be to "deal with it"—thereby implying that any asylum claim based on China's coercive family planning policies would be presumed incredible; and (4) stating that people who generally flee persecution tend to go

"someplace worse because they have no choice," and doubting Liu's claim for asylum because she had not, accordingly, fled to "someplace worse."

The Supreme Court has established that no person may be deprived of her interests in the absence of a proceeding in which she may present her case with assurance that the arbiter is not predisposed to find against her. *See Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980). Although this Court has not promulgated a standard for determining whether an immigration judge's assessment was based upon impermissible bias or prejudgment, or the appropriate response to an adverse credibility determination made under such circumstances, other circuits have remanded asylum decisions where the petitioner had shown that the immigration judge's decision had been marred by prejudice. *See Wang v. Attorney General of the United States*, 423 F.3d 260, 267 (3d Cir.2005); *Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1059 (9th Cir. 2005); *Iliev v. INS*, 127 F.3d 638, 643 (7th Cir.1997).

Accordingly, Liu's petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Upon remand, the BIA is directed to assign this case to an Immigration Judge other than Judge J.S. Chase. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).