**JING QI ZHAO, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–40570–AG.**

United States Court of Appeals, Second Circuit.

Feb. 23, 2006.

Fengling Liu, New York, New York, for Petitioner.

Mcgregor W. Scott, United States Attorney Lawrence G. Brown, First Assistant United States Attorney, Sacramento, California, for Respondent.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square in the City of New York, on the 23rd day of February, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is GRANTED and the case REMANDED for further consideration consistent with this order.

Jing Qi Zhao petitions for review of the September 2003 order of the BIA affirming the decision of the immigration judge ("IJ") to deny his application for asylum and withholding of removal. Familiarity with the facts and the procedural history of the case is presumed.

Zhao contends that the BIA incorrectly affirmed the IJ's denial of his claim for asylum and withholding of removal because the IJ's adverse credibility determination was not supported by substantial evidence.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsamea-*

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

*chire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

■ The IJ's adverse credibility determination was not supported by substantial evidence. The IJ's remarks with regard to how certificates and documents were issued in China were entirely speculative. Cautioning against making "culturally biased assumptions about the existence and availability of documents," this Court has held that without record evidence of practices in other countries, the IJ may not speculate as to the nature of these practices. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir.2005) (quoting *Qiu v. Ashcroft*, 329 F.3d 140, 154 (2d Cir.2003)). Here, the IJ speculated in rejecting Zhao's explanation that the family planning office was separate from the office that issues marriage certificates, household registrations and identification cards. Accordingly, such reasoning, without further explanation, would not lend support to the alleged inconsistency that these documents were somehow issued while Zhao had been in hiding. Moreover, with regard to the marriage certificate, the IJ did not address Zhao's explanation that the marriage certificate had been issued before the birth of the second child. *See id.* at 403 (noting that an IJ must at least take a petitioner's explanation into account). It was also improper for the IJ to have assumed that Zhao's brother would have been unable to obtain identification cards for Zhao and his wife or that Zhao's wife would have been unable to simply go to the hospital and obtain a birth certificate for a child.

For the same reasons, the IJ erred in assuming that registration of children in the household registry is a prerequisite to attending school.

The aspect of the IJ's adverse credibility determination pertaining to the account of the forcible sterilization is also problematic. First, the IJ pointed out that, until recently, Zhao's asylum claim had not been based on any claim that his wife had been sterilized. Assuming that she intended to state that the asylum application did not mention the sterilization of Zhao's wife, the IJ overlooked the simple fact that Zhao applied for asylum in June 2001 and that Zhao's wife had been allegedly sterilized in January 2002. Second, although Zhao's wife's letter describing the sterilization was sparse, the IJ failed to address Zhao's explanation that his wife was not well-educated and that the account of sterilization was emotionally difficult to express. *See Cao He Lin*, 428 F.3d at 403. The IJ did not give any weight to the other documents Zhao had submitted, two of which included x-ray reports from both Chinese and American doctors indicating that Zhao's wife had a tubal ligation, reasoning that the documents had not been discussed in the testimony. This overlooked the fact that neither counsel nor the IJ asked Zhao about most of these documents or attempted to incorporate a discussion of them into the testimony. Additionally, Zhao testified that his wife underwent a test to determine if, in fact, she had been sterilized. That test had been discussed in one of the x-ray reports.

Finally, the IJ erred in expecting proof that Zhao had a second child born in August 1990. The IJ overlooked the fact that Zhao and his wife gave the child to a family friend when the child was two months old and would not likely have obtained a birth certificate. This Court has held that an IJ must ensure a document is available before faulting a petitioner for not producing it. *See id.* at 405. Accordingly, because the bases for the IJ's adverse credibility determination were not supported by substantial evidence, this Court should vacate the decision below and remand for the BIA or IJ to render a new credibility determination.

Because Zhao has not made any argument regarding his withholding of removal claim, that claim is deemed waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal" (quotation omitted)).

For the foregoing reasons, the petition for review is GRANTED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).