Yu Juan CHEN, Petitioner,

v.

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 04–5455–AG.

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Joan Xie, New York, New York, for Petitioner.

Chuck Rosenberg, United States Attorney, William J. Knapp, Fred Hinrichs, Assistant United States Attorneys, Houston, Texas, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the order of the Board of Immigration Appeals ("BIA"), IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Yu Juan Chen petitions for review of the September 21, 2004 order of the BIA affirming the decision of the immigration judge ("IJ") to deny her application for asylum, withholding of removal and relief under the Convention against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

Chen contends that the BIA incorrectly affirmed the IJ's denial of her claim for asylum and relief under CAT and that the IJ's adverse credibility determination was not supported by substantial evidence.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–07 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

 The IJ's adverse credibility finding was supported by substantial evidence. The IJ correctly pointed out the inconsistencies between the statements Chen made at the interviews and in her application and the statements made during the hearing. This Court has recognized that, in evaluating statements made at airport interviews, an alien may not be completely forthcoming. *See Latifi v. Gonzales*, 430 F.3d 103, 105 (2d Cir.2005). Because an

alien may not be completely forthcoming at an airport interview, this Court has suggested that a reviewing court should evaluate the reliability of the record and the statements made at the interview before relying on those statements to assess an alien's credibility. *See Ramsameachire,* 357 F.3d at 179–81 (as a guideline, a court may weigh the wholeness and accuracy of the record of the interview, with whether the interviewer sought to elicit details of the asylum claim, and with whether the alien was reluctant to answer questions); *see Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396 (2d Cir.2005) (clarifying that assessment of these factors is not mandatory). Once the court has concluded that the interview is sufficiently reliable, it must evaluate the nature of any inconsistencies between those statements and statements made in subsequent proceedings within the context of the "relatively superficial nature of the airport interview." *See Ramsameachire,* 357 F.3d at 180. Here, both the airport interview and credible fear interview are sufficiently reliable to be part of the record because complete transcripts of both interviews are available and because the interviewers sought to elicit why Chen he had left China and why she feared returning. Moreover, Chen appeared capable of answering questions and willing to speak truthfully. The IJ properly found it to be a material inconsistency that Chen had initially stated, at the interviews and in her application, that her husband had been in China, but then testified that he had left China years before her departure. Her husband's presence, or lack thereof, naturally affected all of her decisions in avoiding confrontation with the family planning authorities and thus was a vital aspect of her claim. *See Diallo,* 232 F.3d at 288.

Another significant inconsistency was that, while Chen initially indicated that she had been forced to undergo an IUD insertion on two separate occasions, she testified at the hearing that she had had such an insertion on only one occasion. Since the authorities' actions taken against Chen pursuant to the family planning policy went to the heart of her asylum claim, this inconsistency was material. *See id.* The IJ also properly found that Chen's testimony had been confusing and vague with respect to her detention. Despite the IJ's repeated efforts to elicit further detail and clarify Chen's account, Chen was unable to coherently or consistently describe her detention or state whether such had even occurred. *See Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 & n. 6 (2d Cir. 2003) (noting, in *dicta,* that the lack of detail in testimony may call into question the credibility of an applicant's testimony and may provide an opportunity for counsel or the IJ to probe for more detail, but simultaneously declining to hold that sparse testimony is a proper basis for finding incredibility or that affirmative probing is a prerequisite to finding incredibility).

■■■ The IJ also did not place improper or excessive reliance on the State Department profile, as cautioned by this Court in *Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004). The IJ merely pointed out that, based on the report that violations of the family planning policy often precluded enjoyment of social benefits, such as registration and school attendance, it was inconsistent that Chen had been able to obtain various documents and enjoy such benefits. This reliance was thus "part of [the IJ's] overall determination that [Chen's] account was not credible." *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 165 (2d Cir.2006). Moreover, with the exception of stating that the identification had been issued before she had gone into hiding, Chen failed to clearly respond to the IJ's request for an explana-

tion regarding the registry and her children's school attendance. To the extent that the IJ erred in finding that, despite Chen's testimony, the authorities would have been able to find Chen because of her listing in the household registry, such error was harmless because, given the strength of the evidence, one may "confidently predict" that the IJ would reach the same result on remand without such error. *Id.* at 162. For the same reasons, while the IJ may have engaged in impermissible speculation in questioning Chen's ability and motivations in obtaining a marriage license while eight months pregnant and other documents for her husband, *see Secaida–Rosales*, 331 F.3d at 307, 312, such error would not require remand, *see Xiao Ji Chen*, 434 F.3d at 162.

Because Chen has not made any argument regarding her withholding of removal claim, that claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n. 1 (2d Cir.2005) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal" (quotation omitted)).

■ Contrary to Chen's assertion, the IJ properly engaged in an independent evaluation of the claim for relief under CAT when he made an alternative finding based on the assumption that Chen was credible. He properly found that there had been no evidence showing that it was more likely than not that Chen would be tortured if she returned to China, especially given the absence of any mention of a fear of future sterilization during her testimony.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the

Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).