Spreza MIRZO, Petitioner,

v.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY, Respondent.**

No. 04–6240–AG NAC.

United States Court of Appeals, Second Circuit.

March 20, 2006.

Frederick P. Korkosz, Albany, New York, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Barbara McQuade, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Spreza Mirzo petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000). However, we review *de novo* the agency's finding that an undisputed facts do not constitute persecution. *See, e.g., Diallo v. INS,* 232 F.3d at 287.

Here, the IJ found Mirzo's testimony credible, but nevertheless found that Mirzo had not met her burden of establishing past persecution in Macedonia. Specifically, the IJ found that the incidents about which Mirzo testified rose only to a level of "harassment and discrimination." We have held "that general harassment not rising to the level of sufficiently extreme action, such as violence and physical abuse, does not constitute persecution." *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). Still, our holding in *Tian–Yong Chen* makes clear that "persecution in the asylum context means ... more than threats to life ...; non-life[-]threatening violence and physical abuse also fall within this category." *Id.* (internal quotation marks omitted). In this case, Mirzo testified that she was subjected to sporadic physical abuse. In particular, on one occasion police officers "grabbed, pulled, and shoved" her and on another occasion she was shaken, slapped, and had her hair pulled during a surprise interrogation. We need not decide whether these facts collectively constitute persecution, however, because, even assuming that they do, the IJ appropriately denied Mirzo's asylum application on the ground of changed country conditions.

Where an asylum applicant demonstrates past persecution, the government may rebut the presumption of future persecution by showing that a "change in circumstances in the applicant's country of nationality has occurred such that the applicant's fear [of future persecution] is no longer well founded." *Guan Shan Liao v.*

*DOJ*, 293 F.3d 61, 67 (2d Cir.2002) (citing 8 C.F.R. § 208.13(b)(1)(i)). The IJ's determination that country conditions have sufficiently changed is a finding of fact that we will not disturb if it is supported by substantial evidence. *See Melgar de Torres v. Reno*, 191 F.3d 307, 310 (2d Cir. 1999). Here, in finding sufficiently changed country conditions, the IJ relied on the State Department Country Report for Macedonia. That report indicates that Macedonia's new, democratically elected government, which formally assumed power on October 31, 2002, has "demonstrated a commitment to improving the country's human rights observance through concrete actions." Although Mirzo alleges that she was persecuted *after* October 31, 2002, we think that the Country Report adequately supports the IJ's finding that, due to the length of time the Macedonian government has had to implement reform measures, Mirzo will not face a risk of persecution upon return to Macedonia. *See, e.g., id.* at 313 (holding that State Department report constituted "substantial evidence" of changed country conditions).

As Mirzo has not demonstrated that she would be tortured if returned to Macedonia, her claims under the CAT fail as well. 8 C.F.R. § 208.16(c)(2); 8 C.F.R. § 208.18(a); *see also Wang v. Ashcroft*, 320 F.3d 130, 133 (2d Cir.2003).

Our review completed, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument in this proceeding is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).