**Eddie FNU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–1622–ag.**

United States Court of Appeals, Second Circuit.

April 7, 2006.

H. Raymond Fasano, New York, New York, for Petitioner.

Stephen P. Sinnott, United States Attorney for the Western District of Wisconsin, David J. Reinhard, Assistant United States Attorney, Madison, Wisconsin, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 7th day of April, two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED in part and DENIED in part. The case is REMANDED to the BIA for consideration of Fnu's eligibility for withholding of removal only.

Fnu petitions for review of the March 2005 BIA decision affirming the decision of an immigration judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding that neither changed nor extraordinary circumstances excused the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Although we retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and matters of statutory or regulatory construction, *see Xiao Ji Chen*

*v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006); *Joaquin–Porras v. Gonzales,* 435 F.3d 172, 178–80 (2d Cir.2006), Fnu has raised no such issues in this case. We therefore lack jurisdiction to review the denial of Fnu's asylum application.

Because Fnu failed to raise the issue of CAT relief in his brief before this Court, Fnu has waived his right to challenge this issue. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005). Accordingly, we need only review Fnu's claim for withholding of removal. We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

Despite the voluminous materials regarding country conditions that Fnu had submitted, neither the IJ nor the BIA made any reference to the country conditions in determining whether Fnu had established a probability of persecution such that he was entitled to withholding of removal. Although "[w]e presume that an IJ has taken into account all of the evidence before him" unless the record compellingly suggests otherwise, *Xiao Ji Chen,* 434 F.3d at 155, it is clear here that the IJ failed to give proper consideration to the country conditions. Fnu's initial asylum application greatly detailed the history of treatment of Chinese and Christians in Indonesia and he submitted approximately 300 pages of documents to support his claim. These background materials were not "too insignificant to warrant discussion." *See Qiu v. Ashcroft,* 329

F.3d 140, 149 (2d Cir.2003). Without some indication that the IJ considered the evidence, we lack the ability to adequately review Fnu's claim. *See Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir.2005); *Chen v. Gonzales,* 417 F.3d 268, 275 (2d Cir.2005). Accordingly, the petition for review is granted in part and the case remanded to the BIA to consider Fnu's claim for withholding of removal.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, and the case is REMANDED for further proceedings consistent with this order. All pending motions are DENIED.