**AI YU LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–0034–AG.**

United States Court of Appeals,
Second Circuit.

April 13, 2006.

Jeffrey C. Bloom, Flushing, New York,
for Petitioner.

Gregory A. White, United States Attor-
ney for the District of Ohio, Bruce A.
Khula, Assistant United States Attorney,
Cleveland, Ohio, for Respondent.

1. Pursuant to Federal Rule of Appellate Pro-
cedure 43(c)(2), Attorney General Alberto R.
Gonzales is automatically substituted for for-
mer Attorney General John Ashcroft as re-
spondent in this case.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Ai Yu Li, though counsel, petitions for review of the BIA decision affirming the decision of an immigration judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, there is not substantial evidence in the record to support the IJ's finding that Li's testimony lacked credibility. First, the current record does not contain a transcript of the arrival interview, which is mentioned by the government during the hearing, and relied upon, in part, by the IJ. Consequently, this Court cannot evaluate the effect of that interview on the relevant issues. Second, Li's testimony that family planning officials had discovered that she was pregnant for a third time, that she had been forcibly taken to a hospital where her unborn child was aborted, and that she had been subsequently fined, was generally consistent with her application. *See* JA at 563–64 (Asylum Application); *see* JA at 67–73 (Hearing Testimony). The IJ cited to several relatively minor inconsistencies in Li's testimony and omissions from her application concerning: whether the abortion procedure lasted thirty minutes or forty to fifty minutes; whether she had provided a urine sample to family planning officials or a doctor; whether she had been fined after the birth of her second child; and whether her husband's parents had been arrested. *See* JA at 47–48. Because these inconsistencies and omissions were "relatively minor and isolated and do not concern material facts," the inconsistencies should not have been fatal to Li's claim. *See Xiao Ji Chen v. Gonzales*, 434 F.3d 144, 148 (2d Cir.2006); *see also Secaida–Rosales*, 331 F.3d at 308 ("An applicant's failure to list in his or her initial application facts that emerge later in testimony will not automatically provide a sufficient basis for an adverse credibility determination.").

Regarding the IJ's finding that Li's account of how the doctor confirmed her pregnancy was implausible, it is unclear from the record whether Li was referring to her own heartbeat or the fetal heartbeat, and the IJ did not cite to any authority in support of her finding that confirming a pregnancy in that manner was implausible. According to Li, she became pregnant sometime in May or June of 2000, and the doctors examined her in mid-August when she would have been between 7 weeks and 15 weeks pregnant. Assuming that the IJ's implausibility finding was not impermissibly speculative, that implausibility does not go to the heart of Li's claim of forcible abortion, and should not have been fatal to Li's claim for asylum. *See Xiao Ji Chen*, 434 F.3d 144.

At times the interpreter did not understand Ms. Li. Some of the exchanges cited by the Government as non-responsive may have resulted from Ms. Li's failure to understand the interpreter, as well as from an inexperienced witness' tendency to answer more than the question asked. The

inconsistencies the IJ found and the Government highlights are not sufficient to support an adverse credibility finding considering the petitioner's limited education and the translation problems at the hearing.

This Court has recently held that a petition challenging a denial of asylum could be denied despite erroneous findings by the IJ when: (1) the IJ explicitly relies on a valid alternative ground for denying relief; (2) the error is so "tangential" to the ultimate ruling that there is no realistic possibility of a different result on remand; or (3) the evidence "overwhelmingly supports the IJ's finding[s]" such that there is no realistic possibility of a different result on remand. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005). In this case, the IJ only relied on the adverse credibility finding in denying relief, and, as the sole basis for denial, the errors were not so "tangential" to the ultimate ruling that there is no realistic possibility of a different result on remand because, as previously discussed, Li's testimony and application were generally consistent. For the same reason, the record does not "overwhelmingly" support the IJ's findings. Furthermore, the IJ partially relied on perceived inconsistencies between Li's testimony, application, and arrival interview in denying relief, yet the record before this Court does not contain a transcript or other description of the arrival interview, and the IJ did not address the allegation that the Chinese government had required Li to make a deposit of 20,000 RMB, refundable only after she had submitted to sterilization. Therefore, because it cannot be said with confidence that, despite the IJ's errors, substantial evidence still supports the IJ's conclusion that Li had not established past persecution or a well-founded fear of future persecution, remand is appropriate concerning the asylum and withholding of removal claims. *See id.* at 406. However,

it can be said with confidence that the IJ would make the same decision concerning the CAT claim because Li clearly had not established that it was more likely than not that she would be tortured if returned to China. *See id.*

For the foregoing reasons, the petition for review is GRANTED and the case is remanded for further proceedings concerning the asylum and withholding of removal claims. The petition is DENIED with respect to the CAT claim. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).