**Flamur DAKAJ, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 04–4295–AG.**

United States Court of Appeals, Second Circuit.

April 27, 2006.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Richard A. Kulics, Immigration Law Center, Birmingham, Michigan, for Petitioner.

David L. Huber, United States Attorney, Western District of Kentucky, Terry M. Cushing, Assistant United States Attorney, Louisville, Kentucky, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. PIERRE N. LEVAL, and Hon. BARRINGTON D. PARKER, Circuit Judges.

## SUMMARY ORDER

Flamur Dakaj, a native and citizen of Albania, petitions for review of a July 2004 order of the Board of Immigration Appeals ("BIA"), summarily dismissing his appeal for failure to file a brief. In his brief on appeal, however, Dakaj challenges a May 2005 order of the BIA affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

As an initial matter, this Court has jurisdiction to review only the BIA's July 2004 order dismissing Dakaj's appeal for failure to file a timely brief, from which Dakaj submitted a timely petition for review to this Court. *See* 8 U.S.C. § 1252(b). However, because the BIA's July 2004 order was vacated by the BIA's May 2005 order, Dakaj's petition seeks relief from an order that has already been vacated, and, accordingly, the petition is moot. Moreover, this Court lacks jurisdiction to review the BIA's May 2005 order because Dakaj failed to file a petition for review from that order. *See Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir.2004).

However, even if Dakaj had filed in this Court a petition for review of the BIA's May 2005 decision affirming the IJ's denial of his asylum, withholding of removal and CAT claims, thus giving this Court jurisdiction to review that decision, the petition would be denied because the IJ's adverse credibility finding was supported by substantial evidence. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

In this case, the IJ made an adverse credibility finding against Dakaj based on substantial evidence, and provided specific reasons for his adverse credibility finding, including that: (1) Dakaj had failed to testify to two significant events described in his asylum application—a January 1990 incident in which he had been beaten by police who were dissolving a protest, and had narrowly escaped arrest; and his participation in three demonstrations in early July 1997, during which he had claimed that the police had used tear gas and had arrested many people; (2) there were discrepancies between Da-

kaj's hearing testimony and his asylum application regarding his September 1998 arrest after participating in a protest to honor a murdered democratic leader, for while Dakaj had testified that he had been arrested and held for three weeks, his asylum application had provided that he had been detained for five weeks; (3) Dakaj's testimony about his role in the Democratic Party was inconsistent, for while he had initially testified to serving as the "secretary for the local party chair and secretary for the youth forum," he had subsequently testified that he had only been a secretary for the youth forum; (4) Dakaj's departure from Albania to Germany for three months, and subsequent return to Albania without incident, diminished his credibility; and (5) the Country Report indicated that political parties, including the Democratic Party, had been active in the political process, and had generally not been subjected to "a pattern of mistreatment," and that many instances of mistreatment had been attributable to non-political blood feuds. Accordingly, the IJ properly denied Dakaj's asylum application. Because the only evidence of a threat to Dakaj's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). Moreover, because Dakaj failed to present any factual or legal arguments in his appellate brief explaining why he is entitled to CAT relief, his CAT claim is, therefore, waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition is DENIED. Having completed our review, any stay of removal that the Court

previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).