**Xinguei CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 03–41102–AG.**

United States Court of Appeals,
Second Circuit.

May 9, 2006.

———

Michael Lehach, Christophe & Associates, P.C., New York, New York, for Petitioner.

Todd P. Graves, United States Attorney for the Western District of Missouri, Jeffrey P. Ray, Assistant United States Attorney, Kansas City, Missouri, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. RICHARD J. CARDAMONE, and Hon. DENNIS JACOBS, Circuit Judges.

## SUMMARY ORDER

Xinguei Chen, through counsel, petitions for review of the BIA's order affirming the decision of Immigration Judge ("IJ") Paul A. Defonzo that denied Chen's claims for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture ("CAT"). Chen alleges that he was persecuted in China because of his

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

opposition to coercive population policies. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS,* 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS,* 232 F.3d 279, 286–88 (2d Cir.2000).

The IJ found Chen to be not credible because, in his airport interview, he made no reference to any of the alleged persecutorial events that he later claimed—in his asylum application and in his in-court testimony—took place in China. Chen claimed in his asylum application and in his in-court testimony that he was persecuted by family planning authorities who relentlessly pursued him because he fought with them when they came to take away his girlfriend for a forced abortion, and because his girlfriend suffered the abortion. However, in his airport interview, Chen made no reference to these events, but, rather, stated that he left China because he was falsely accused of severely beating a famous person. Chen admitted that the interview accurately reflected what he told the interviewer. Chen did not claim that the interview was conducted under coercive or misleading circumstances. Further, the IJ reasonably considered and dismissed the shifting explanations given by Chen for the fabricated claim he presented at that interview and for his failure to state what he later alleged were the real acts of persecution visited upon him in China. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005).

The IJ's adverse credibility determination was also based on the lack of corroborating evidence from Chen's family and his girlfriend regarding the repeated visits and inquiries by the authorities in their search for Chen, Chen's confused and unresponsive answers to questions concerning why he never married his purported girlfriend, and his failure to mention in his asylum application that, after his departure from China, his family and his girlfriend were repeatedly visited, threatened, and fined by family planning authorities in order to secure his return.

Because Chen has been found to be not credible, he cannot demonstrate a wellfounded fear of persecution. *See Ramsameachire,* 357 F.3d at 178. As asylum and withholding of removal "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang,* 386 F.3d at 71. Chen did not raise the issue of CAT before the BIA, and has thus failed to satisfy the statutory exhaustion requirement. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).