**JIN FENG LIN, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 04–5246–AG.**

United States Court of Appeals,
Second Circuit.

June 8, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

James L. Nelson, Assistant United States Attorney (Catherine M. Maraist, Assistant United States Attorney, on the brief), for David R. Dugas, United States Attorney, Middle District of Louisiana, Baton Rouge, LA, for Respondent.

Present AMALYA L. KEARSE, GUIDO CALABRESI and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Jin Feng Lin ("Lin"), a native and citizen of the People's Republic of China ("China"), petitions for review of a September 10, 2004 order of the Board of Immigration Appeals ("BIA") that summarily affirmed a final order of removal entered by Immigration Judge ("IJ") Adam Opaciuch on August 11, 2003. (BIA File No. A79–436–934–New York). Lin had applied for asylum and withholding of removal, claiming persecution on the basis of religion and opposition to China's coercive family planning policies.[1] The IJ denied the requested relief on credibility grounds. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues on review.

Where—as here—the BIA affirms the decision of an IJ summarily, this court reviews the IJ's decision directly. *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). The factual findings of the IJ, including credibility determinations, are reviewed under the substantial evidence standard, *see Jin Hui Gao v. U.S. Attorney Gen.,* 400 F.3d 963, 964 (2d Cir.2005) (per curiam), and are treated as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

IJ decisions "based upon . . . a misstatement of the facts in the record" may not stand, however. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004). Here, the IJ mischaracterized the record repeatedly. For instance, the IJ faulted Lin because his wife's IUD booklet made no mention of the IUD insertions or abortion he alleged to have occurred. In fact, the booklet did note one of her IUD insertions. Moreover, the booklet could not have referred to the abortion Lin alleged, because the booklet was current only through the

third quarter of 2001, and, according to Lin, his wife's pregnancy was discovered by the authorities in late November 2001.

In addition, the IJ further questioned Lin's credibility based on a misreading of a State Department country report in the record. The IJ faulted Lin because he admitted to not having a fine imposed on him by the birth control cadres, and the country report on China indicated that violators of the birth control policy are subject to fines. In fact, however, Lin's testimony was entirely consistent with the country report, which indicates only that fines are imposed for *excess births.* Because Lin claims that his wife's pregnancy was terminated involuntarily, the country report in no way implies that he would be subject to fines.

Furthermore, the IJ found that any abortion that Lin's wife endured was voluntary, based, in part, on the statement in the State Department Profile that abortion certificates, such as the one that Lin submitted, were issued only for voluntary abortions. The record does not indicate, however, that the IJ, who expressly admitted in evidence the State Department Country Report, ever admitted in evidence the State Department Profile. Because an IJ is limited to basing a credibility finding on the record before him, *see* 8 U.S.C. § 1229a(c)(4)(C), this oversight, too, was error.

For the foregoing reasons, we GRANT Lin's petition for review, VACATE the BIA's decision, and REMAND the case to the BIA for further proceedings consistent with this order. The pending motion for a stay of removal is DENIED as moot.

---

1. Lin does not seek review of the IJ's findings relating to his religious persecution claim.